# United States District Court
## For the Western District of Virginia
### Harrisonburg Division

| | | |
|---|---|---|
| _____ ) | | |
| UNITED STATES OF AMERICA, ) | Criminal No: 5:14cr00049 | |
| ) | | |
| v. ) | REPORT AND RECOMMENDATION | |
| ) | | |
| MATTHEW SANTIAGO ) | James G. Welsh | |
| ) | U. S. Magistrate Judge | |
| *Defendant* ) | | |
| _____ ) | | |

On April 7, 2015 came the United States, by counsel, and came also the defendant, in person and by counsel. At which time counsel for the parties jointly represented that the parties had entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal procedure**.** In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

As set forth in more detail in a single-count Indictment (docket #6), the Grand Jury charges in **Count One** that beginning on or about the summer of 2011, and continuing into early 2014, in the Western Judicial District of Virginia, the above-named defendant, did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 1000 grams or more of a mixture or substance containing a detectable amount of

heroin, a Schedule I controlled substance, and to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack", a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); all in violation of 21 U.S.C. § 846. In addition, the Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of the offense alleged against him.

The Rule 11 plea hearing was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Michael P. Regan. Inquiry was made to the defendant pursuant to Rule 11(b) and (c); the government proffered a written statement of fact for the purpose of establishing an independent basis for the agreed plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath.

The defendant testified to the following personal facts: his full legal name is MATTHEW SANTIAGO; he is thirty-seven (37) years of age, and he has an 11th grade education. He can read, write and understand English without difficulty. He stated he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate in the proceeding; he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense

2

pursuant to the terms of a written plea agreement. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the Count One offense pursuant to the terms of the plea agreement.

The defendant acknowledged that he had received a copy of the Indictment and it had been fully explained to him. He stated that he had discussed the charge with his attorney and had been given enough time to do so. He stated he understood the nature of the charge against him in the Indictment and specifically understood it charged one felony offense. *See* Rule 11(b)(1)(G). He testified he had discussed any possible defenses with his attorney, and he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter a plea of guilty to Count One pursuant to the terms of the plea agreement had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a plea of guilty pursuant to the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, counsel for the government next set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to enter a plea of guilty to Count One of the Indictment charging him with conspiracy to possess with intent to distribute more than 1000 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) [¶A.1.]; the defendant's express

3

acknowledgment that the mandatory minimum statutory penalty for this offense is a ten-year term of imprisonment and the maximum statutory penalty for this offense is a term of life, a fine of $10,000,000.00 and a period of supervised release of at least five years [¶A.1.]; his acknowledgment that he will be required to pay a special assessment of $100 per felony count of conviction, that he may be required to pay restitution and that his assets may be subject to forfeiture [¶A.1. and ¶B.3.a.]; his express admission of his factual guilt to the offense charged in Count One [¶A.1.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's sentencing provision pertaining to the defendant's sentencing hearing opportunities and outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶B.1.]; the defendant's express recognition that there is a substantial likelihood he will be incarcerated, that he will not be eligible for parole, that he will not be allowed to withdraw his plea [¶B.1.]; the parties' stipulation that for purposes of Guideline §§ 2D1.1 and 1B1.3 the drug weight is more than three kilograms, but less than ten kilograms of heroin, creating a base offense of 32 pursuant to Guideline § 2D.1.1(c)(4) [¶B.2.]; the defendant's agreement that he will be bound by the court's factual findings and agreement not to use these findings as a basis to withdraw his plea [¶B.1.]; the terms of the acceptance of responsibility provision [¶B.2.]; the government's agreement not to seek any enhancement for aggravated role in the offense pursuant to guideline § 3B.1.1. [¶ B.2.]; to the extent not inconsistent with the terms of the plea agreement the reserved right of each party to argue at sentencing the guideline sections that should or should not apply [¶B.2]; the terms of the defendant's financial disclosure and monetary-related obligations [¶B.3]; the scope of the defendant's express waiver of his right of direct appeal [¶C.1.]; the scope of the defendant's

4

express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶C.3.]; the defendant's abandonment of any seized property [¶C.5.]; the defendant's various additional obligations [¶C.6.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶D.]; the defendant's stipulation and agreement that he has fully discussed the terms of the plea agreement with his attorney and had been effectively represented in all matters related to this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶E.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked whether his understanding of the terms of the agreement was different in any way from that outlined by the attorney for the government, and he testified that his understanding was the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

5

After the range of punishment for the offense charged in Count One (conspiracy to distribute 1000 grams or more of heroin, a Schedule I controlled substance) of the Indictment had been outlined to the defendant, he acknowledged that he understood the maximum statutory penalty proved by law for conviction of the offense is a fine of $10,000,000.00, imprisonment for a term of life, and a term of supervised release of at least five (5) years, and he further understood there is a mandatory minimum sentence of imprisonment for a term of ten years for conviction of the said offense. *See* Rule 11(b)(H)-(I). In addition, the defendant re-acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination whether to accept or reject the plea agreement would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and could require him
6

to forfeit certain property to the government pursuant to the terms of the plea agreement. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and that he knew to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of "supervised release" or his deportation and exclusion from the United States, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H) and (O).

Pursuant to the terms of the plea agreement [¶C.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶C.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

7

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the aforesaid offense set forth in Count One of the Indictment because he had in fact participated in the criminal heroin-related activities outlined against him in that felony count of the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts (docket #30) which summarized the essential facts that the government was prepared to prove at trial to establish the offense alleged in Count One of the Indictment. The defendant and his counsel each represented that the defendant had reviewed this proffer, that he was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that it fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

8

After testifying that he had heard and understood all parts of the proceeding, had no questions and did not need to consult further with his counsel, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. By counsel, the defendant waived his right to a reading of the Indictment. Upon then being then called-upon for his plea, the defendant entered a plea of GUILTY to the offense charged in Count One alleging that he did knowingly and intentionally combine, conspire, confederate and agree with other persons both known and unknown to the grand jury to knowingly and intentionally distribute and possess with intent to distribute 1000 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21 United States Code, Sections 841(a)(1), 841(b)(1)(B) and § 846. The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it.

9

Case 5:14-cr-00049-MFU-JGW   Document 35   Filed 04/20/15   Page 9 of 12   Pageid#: 173

The defendant was informed that sentencing is set for July 16, 2015 at 10:30 AM before the presiding district judge. The defendant did not request release on conditions, and he was remanded to the custody of the United States Marshal pending preparation of the presentence report and acceptance of his plea.

## GOVERNMENT'S EVIDENCE

The written Statement of Facts is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The parties have entered in to a written plea agreement pursuant to Rule 11, and it is recommended that this plea agreement be accepted in its entirety;

2. The defendant is fully competent and capable of entering an informed plea to the offense charged in Count One (violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846);

3. The defendant is fully aware of the nature of the offense set forth in Count One, and he is also fully aware of the consequences of his guilty plea to said offense;

4. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

5. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

6. The defendant's entry into the plea agreement and his tender of the plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

7. The defendant knowingly and voluntarily entered his said plea of guilty pursuant to Rule 11;

8. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

10

9. The plea agreement complies with the requirements of Rule 11(c)(1);

10. The government's evidence proffer presents an independent basis in fact containing each essential element of the felony offense to which the defendant has entered a plea of guilty; and

11. The period of time during which the plea agreement is under consideration by the court is excludable from speedy trial computation (*see* 18 U.S.C. § 3161(h)(1)(G)).

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court **ACCEPT** the Plea Agreement, that the court **ACCEPT** the defendant's plea of guilty to the felony charge set forth in Count One of the Indictment; that the defendant be **ADJUDGED GUILTY** of said felony offense, and that a sentencing hearing be held on July 16, 2015 beginning at 10:30 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 20th Day of April 2015.

*s/James G. Welsh*
United States Magistrate Judge